SMITH, FRANK A., Associate Judge.
This was a suit by appellee for declaratory decree against several property owners and Palm Beach County. The decree was to the effect that the streets in question and shown in the plat of subdivision in which the owners’ lots were located had been completely dedicated. The offer had been by their being shown on the plat, but there was no formal acceptance by appellee, nor was there an acceptance by user except in connection with the acceptance of other streets located in the same subdivision and by virtue of the applicability of the Indian Rocks case [Indian Rocks Beach South Shore v. Ewell, Fla.1952, 59 So.2d 647, 32 A.L.R.2d 940] which the Court held applied and controlled here. Before dealing with this main question, a matter of procedure will be first decided.
Appellants, in their statement of points involved, pose the question,
“5. Is a cause at issue so that trial may be had when there is a non-resident Defendant upon whom no service has been made or default entered?”
Appellee states the point differently and better, to-wit:
“Is it reversible error to proceed to a final decree when decree pro confesso was entered against non-resident Defendants after the hearing of testimony, but before the final decree was entered, and in the absence of any showing of harm?”
No objection was made at or during the hearing of testimony. Afterward, but before final decree was entered, decree pro confesso was entered against the defendants in question. The jurisdiction over those defendants has not been challenged, so that rather than a want of jurisdiction, we are only concerned with irregular procedure. There is no showing that either appellants or those other defendants were harmed in any way by reason of the belated entry of decree pro confesso and in the absence of any showing of harm, this point is ruled adversely to appellants.
The other four points, and going to the merits submitted by appellants, are so closely related that the Court will deal with them in a group rather than separately.
In July, 1922, one A. V. Brown, as Trustee, filed a plat entitled “Dedication of Boulevard at Riverside in Section 25 and 36, T 40 S, R 42 E, Palm Beach County.” His affidavit affixed thereto was dated July 21, 1922, and the plat was filed the next day.
On September 7, 1922, there were two plat instruments filed simultaneously, each entitled “Riverside on the Loxahat-chee” and executed alike and only differing as to description and location of land contained therein. Preceding the title “Riverside on the Loxahatchee” one has the , description “Blocks 3 and 4,” while the other has “Blocks 11, 14 and 15”. The area in each is indicated “in Sections 25 and 36, T 40 S, R 42 E.” One of these is shown recorded on page 4 and the other on page 5 of the same plat book. Appellants claim they are separate plats of separate subdivisions, but appellee claims they are one plat of one subdivision. A comparison of the copies shows that the plats were developed by the same engineering company and are dated alike, the plan is the same on both. It is the opinion of the Court that they should be considered as one. As pointed out in appellee’s brief, when Brown, Trustee, later conveyed the tract he referred to it as “Riverside on the Loxahatchee in Sections 25 and 26, * * * according to plat filed and now recorded in Book 9 of *235 Plats at pages 4 and 5.” This is a manifestation of his intention and supports the construction contended for by appellee as being correct.
It is not uncommon that a subdivision plat may be spread upon several pages when recorded in the public records. The number depends upon the size and extent of the map or blueprints of the original in comparison with the extent of space on a page of the record book. Really, the only unusual feature about this platting and recording is that the owner made an affidavit on each, as did the engineer affix his certificate on each sheet. The essential thing is that the owner was platting both of the adjoining tracts into a common plan and as heretofore stated, the Court is convinced that was his intention and that is the result he accomplished.
It is clear that A. V. Brown, the owner of the tract, had an over-all plan for platting the same and that the three plats which were made in July and August and the Dedication plat of Riverside Boulevard which was filed for record in July and the other two on September 7, 1922, are the written evidence of that plan and together constitute a single plan or scheme for the use of that tract of land.
In the decree as amended, it was determined that the offer of dedication of these streets had been accepted by user since 1922, through the actual user of connecting streets in the same subdivision, viz., Riverside Boulevard and Bridge Street. The evidence amply supports such finding and it is a factual situation similar to that shown in the Indian Rocks case (Indian Rocks Beach South Shore v. Ewell, Fla. 1952, 59 So.2d 647, 32 A.L.R.2d 940), so that the holding there was properly followed to control the decision in this case.
Finding no reversible error in the record the decree is affirmed.
SHANNON, C. J., and 'KANNER, J., concur.